**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                     **17-CR-43V**

   -v-

**ELI CLARK,**

   **Defendant.**
_____

## REPORT, RECOMMENDATION AND ORDER

   This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

## PRELIMINARY STATEMENT

   The defendant, Eli Clark ("the defendant"), is charged in a superseding indictment, along with co-defendant Rhea Walker, with having violated Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 856(a)(1). Dkt. #13. He has filed a motion wherein he seeks to suppress the use of evidence seized from his residence located at 229 Crowley Avenue, Buffalo, New York on October 21, 2016 pursuant to a search warrant issued by the Hon. Richard C. Kloch, J.S.C. on October 20, 2016. Dkt. #25. In support of this motion, the defendant subsequently filed his affidavit sworn to July 28, 2017 in order to establish that he had "standing" to make the motion to suppress. Dkt. #28. The government has filed its opposition

to this motion. Dkt. #27. The matter was submitted to this Court on the papers filed and no evidentiary hearing was held.

## FACTS[1]

Sometime around September 29, 2016, the defendant and his co-defendant, Rhea Walker, were the subjects of an illegal drug operation that was being investigated by members of the DEA Task Force in Buffalo, New York. As part of this investigation, Deputy Randy Fry of the Niagara County Sheriff's Office and Deputy Paul McMahon of the Erie County Sheriff's Office were utilizing the services of a confidential source ("CS") who had provided information about the defendant and his storage of illegal drugs in his residence at 229 Crowley Avenue, Buffalo, New York. This "CS" was brought to Justice Kloch on September 29, 2016 and placed under oath by the judge after which he made statements about the defendant having illegal drugs in the residence at 229 Crowley Avenue, Buffalo, New York. Justice Kloch found the CS to be credible and issued a search warrant based on the information supplied under oath by the CS on September 29, 2016. For reasons unknown to this Court, this search warrant apparently was not executed by law enforcement personnel.

On October 20, 2016, Deputies Fry and McMahon once again appeared before Justice Kloch along with the same CS that had been presented on

---

[1] The facts are taken from the papers submitted as well as from two video recording discs obtained from the Hon. Richard Kloch with respect to the issuance of the search warrant on October 20, 2016 authorizing the search of 229 Crowley Avenue, Buffalo, New York.

September 29, 2016.  The deputies and the CS were placed under oath by the judge and then information in support of a search warrant application authorizing the search of 229 Crowley Avenue, Buffalo, New York was provided to the judge by the CS and the deputies along with a joint affidavit executed by Deputies Fry and McMahon sworn to October 20, 2016.  Once again, Justice Kloch found the CS to be credible and based on the information in the affidavit and the CS statements, he issued a search warrant authorizing the search of the defendant's residence at 229 Crowley Avenue, Buffalo, New York.  Dkt. #27, Exhibit A attached thereto.

On October 21, 2016, a search of the defendant's residence at 229 Crowley Avenue, Buffalo, New York was conducted by law enforcement officials and contraband was seized.

## **DISCUSSION AND ANALYSIS**

The defendant argues that "the search warrant application [of October 20, 2016] was not supported by a sworn statement of the CI MD13" and that the "search warrant application is lacking probable cause to justify the subsequent search." Dkt. #25, p. 23, ¶s 76, 77.  This claim of the defendant is totally without legal merit and is rejected.

The appearances of the CS and deputy sheriffs before Justice Kloch on September 29 and October 20, 2016 were video recorded, and this Court has reviewed both video discs depicting the proceedings before Justice Kloch on September 29 and

October 20, 2016.  At each appearance, the CS and the deputy sheriffs were placed under oath and the judge asked questions of them as to the application for the search warrant for the defendant's residence.  Justice Kloch expressly stated in each interview that he found the CS to be credible, and based on that information and the joint affidavit of Deputies Fry and McMahon sworn to October 20, 2016, found probable cause for the issuance of the search warrant authorizing the search of the defendant's residence at 229 Crowley Avenue, Buffalo, New York.  I also find, based on my review of the aforesaid video discs and the joint affidavit of the deputies, that sufficient probable cause was established for the issuance of the search warrant of October 20, 2016 authorizing the search of the defendant's residence at 229 Crowley Avenue, Buffalo, New York.

"In determining what constitutes probable cause to support a search warrant when the warrant is based upon information obtained through the use of a confidential informant, courts assess the information by examining the 'totality of circumstances' bearing upon its reliability."  *United States v. Smith*, 9 F.3d 1007 (2d Cir. 1993), *citing Illinois v. Gates*, 462 U.S. 213, 230-31 (1984) *and Rivera v. United States*, 928 F.2d 592, 602 (2d Cir. 1991).  "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Gate*s, 462 U.S. at 238.  "A magistrate's determination of probable cause should be paid great deference by reviewing courts."

*Smith*, 9 F.3d at 1012.  Thus, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.  *Gates*, 462 U.S. at 238-39.

> As the Court of Appeals for the Second Circuit has stated:
>
> A plaintiff who argues that a warrant was issued on less than probable cause faces a heavy burden.  "[W]here [the] circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. . . .  [T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."  *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).  In particular, where the officer requesting the search warrant relies on an informant, the magistrate's role is to examine the totality of the circumstances and to
>
>> make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.  And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing]" that probable cause existed.
>
> *Illinois v. Gates,* 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (quoting *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)); *see United States v. Feliz-Cordero*, 859 F.2d 250, 252-53 (2d Cir. 1988).

Justice Kloch had the CS in front of him and questioned him about the information provided in support of the search warrant application. He was able to observe the demeanor of the defendant in his responses and in doing so made a determination that the CS was credible and reliable. The defendant has failed to establish otherwise.

It is also pointed out that even if it were assumed, *arguendo*, that there was not sufficient probable cause to support the issuance of the search warrant on October 20, 2016, the principle established in *United States v. Leon*, 468 U.S. 897, 922-23 (1984) would be applicable as the Second Circuit Court of Appeals has held:

> The decision whether to issue a warrant requires answering the "commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." Illinois v. Gates, 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Regardless of whether there was in fact probable cause, however, we do not apply the exclusionary rule where an officer obtained evidence by acting in reasonable reliance on a defective search warrant issued by a neutral magistrate. See United States v. Leon, 468 U.S. 897, 922–23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The exclusionary rule operates to deter illegal searches by police, not as a personal constitutional right of the aggrieved party. Id. at 906–07, 104 S.Ct. 3405. Therefore, "suppression is 'our last resort, not our first impulse.' " United States v. Clark, 638 F.3d 89, 99 (2d Cir.2011) (quoting Herring v. United States, 555 U.S. 135, 140, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009)).

*United States v. Rickard*, 534 Fed. Appx. 35, 37 (2d Cir. 2013); *see also*

*United States v. Clark,* 638 F.3d 89, 99-100 (2d Cir. 2011)

6

Therefore, it is recommended that the defendant's motion seeking to suppress the use of the evidence seized on October 21, 2016 pursuant to the search warrant of October 20, 2016 be denied in all respects.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1), that:

This Report, Recommendation, and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Federal Rule of Criminal Procedure 59(b)(2) and Local Rule of Criminal Procedure 59(c)(2).

The parties are reminded that, pursuant to Rule 59 of the Local Rules of Criminal Procedure for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 59 may result in the District Judge's refusal to consider the objection.**

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).  Local Rule 59(c)(3) mandates that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."


DATED:	February 1, 2018
	Buffalo, New York


				*S/ H. Kenneth Schroeder, Jr.*
				**H. KENNETH SCHROEDER, JR.**
				**United States Magistrate Judge**